UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. JONES, #193539,

        Petitioner,

                                        CASE NO. 2:18-CV-11119
v.                                  HONORABLE GERSHWIN A. DRAIN

SHERMAN CAMPBELL,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Anthony D. Jones, currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan asserts that he is not being given proper mental health care while in prison in violation of his Eighth Amendment rights. He seeks immediate release from prison and placement in an adult foster care home or a community corrections center so that he can receive better treatment.

**II.    Discussion**

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to

relief, the Court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, RULES GOVERNING § 2254 CASES.

After undertaking the preliminary review required by Rule 4, the Court concludes that the petition must be dismissed for failure to state a claim upon which relief may be granted. A petition for writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). Petitioner is not challenging the fact or duration of his confinement and he raises no challenge to his criminal proceedings in his pleadings. He instead complains about the lack of proper mental health care while in state custody. Habeas corpus relief is not available to prisoners who complain of such mistreatment. *See Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007) (citing *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979)). Such complaints involving the alleged denial of medical care "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)).

Claims concerning the conditions of confinement are not cognizable in a habeas action brought pursuant to 28 U.S.C. §§ 2254 or 2241. *Alston v. Gluch*, 921 F.2d 276,

1990 WL 208674 (6th Cir. Dec. 4, 1990); *see also Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006); *Sullivan v. United States*, 90 F. App'x 862 (6th Cir. 2004); *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005). Such claims by state prisoners or pre-trial detainees are more properly brought in a civil rights action under 42 U.S.C. § 1983. *Preiser*, 411 U.S. at 484; *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *see also Stafford v. Romanowski*, No. 16-12100, 2016 WL 3418546, *1 (E.D. Mich. June 22, 2016) (dismissing state prisoner's § 2241 petition); *Hernandez v. Michigan MDOC*, No. 2:13-CV-15271, 2014 WL 186033, *2 (E.D. Mich. Jan. 16, 2014) (dismissing state prisoner's § 2254 petition); *Martin v. Zych*, No. 2:09-10423, 2009 WL 398166, *2 (E.D. Mich. Feb. 17, 2009) (dismissing federal prisoner petition). Because Petitioner's allegations concern the alleged lack of proper mental health care while in state custody and do not concern the validity of his state criminal proceedings, he fails to state a claim for habeas relief under 28 U.S.C. § 2254. His petition must be dismissed.

### III.     Conclusion

For the reasons stated, the Court concludes that Petitioner fails to state a claim upon which federal habeas relief may be granted in his petition. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus. This dismissal is without prejudice to the filing of a proper civil rights complaint in the appropriate court following the exhaustion of administrative remedies. The Court makes no determination as to the merits of such a complaint.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may

issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*. Reasonable jurists would not find the dismissal of this habeas action debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a). This case is closed.

    **IT IS SO ORDERED**.

                                                            _____
                                                             S/GERSHWIN A. DRAIN
                                                             UNITED STATES DISTRICT JUDGE

Dated: April 30, 2018